CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 21, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Adrian Guille, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:24-cv-00786 |
| | ) | |
| Officer J. Eldridge *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Adrian Guille, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, complaining about numerous conditions of confinement at Red Onion State Prison ("ROSP"). This matter is before the court on Guille's most recent motion for a preliminary injunction, which was signed by Guille on July 14, 2026, and mailed to the court the following day. (Dkt. 148.)

In his motion, Guille requests that the court order his transfer to another facility. (*Id.* at 4, 10.) The claimed events giving rise to this request are as follows: Guille suffered gastrointestinal symptoms that began on July 5, 2026. (*Id.* at 1.) Guille reports that an unknown prison employee told him that same day that other officials had poisoned his food with broken glass and pills. (*Id.*) Guille claims he refused food because of this and that he was not provided any water or medication for the nine days preceding the mailing of the motion. (*Id.* at 1, 5.) Guille states that another non-party officer threatened him with death after he refused to sign documents to voluntarily dismiss this action. (*Id.* at 2.)

Defendants opposed Guille's motion, contending that Guille had elected to undertake a hunger strike and refused medical assessments, but that he always had access to water and his asthma inhaler. (Dkt. 149 at 4, 6–7.) Based on the last information provided to the court, Guille resumed eating on July 16, 2026. (*Id.* at 5; Dkt. 149-1 at 79.) He was assessed by medical staff on July 20, 2026, and found to be not in any current danger. (Dkt. 149 at 5, Dkt. 149-1 at 44-49.) Defendants produced Guille's medical records for the relevant period. (Dkt. 149-1.)

The court previously explained the standards for issuance of a preliminary injunction in its Memorandum Opinion and Order denying Guille's first motion for preliminary injunction. (Dkt. 81 at 2–4.) An injunction cannot properly issue in a case unless it relates to the merits of the claims asserted in the complaint. "A preliminary injunction 'may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.'" *Nealson v. Blankenship*, No. 7:23-cv-00071, 2023 WL 2776069, at *1 (W.D. Va. Apr. 4, 2023) (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). Here, Guille's amended complaint was filed on February 4, 2025. (Dkt. 24.)

The events at issue in Guille's most recent motion for preliminary injunction began on July 5, 2026, (Dkt. 148 at 1), and Guille has not presented any evidence that he exhausted administrative remedies in connection with these new claims and issues he raises in his motion. Thus, the court **DENIES** Guille's request to enter any injunctive relief related to these subsequent and discrete events that occurred after filing his amended complaint and are

unrelated to the claims in his amended complaint.[1] Guille is free to pursue any claims arising from the events that began on July 5, 2026, in a separate action. Additionally, the court notes that "[t]ransfer of an inmate is generally not an appropriate injunction for a federal court to issue, especially when the inmate is in state custody." *Albritton v. Anderson*, No. 7:22-cv-00306, 2023 WL 8810809, at *1 (W.D. Va. Dec. 19, 2023) (*citing Branham v. City of Lynchburg*, 644 F. Supp. 3d 215, 220 (W.D. Va. 2022)).

For the reasons outlined above, the court **DENIES** Guille's motion for a preliminary injunction, (Dkt. 148).

The Clerk is **DIRECTED t**o send a copy of this Memorandum Opinion and Order to Guille.

**ENTERED** this 21st day of October, 2026.



HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

1However, given the severity of the situation claimed by Guille in his motion, the court wanted to ensure that he was not in any danger. Defendants attest that Guille resumed eating and is not in any current danger that would warrant injunctive relief. (Dkt. 149 at 5.) Guille has not submitted any additional information disputing those claims.